# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth W. Fernandez, | Case No. 20-cv-2067 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MNSCU Minneapolis C&T College and MN Risk Management, | |
| Defendants. | |

Plaintiff Kenneth W. Fernandez did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

After review, this Court concludes that Fernandez qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

1

complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Fernandez alleges that "while going to class at Minneapolis Community and Technical College, [he] was hit in the head and eyes." Compl. at 3 [ECF No. 1]. As a result, Fernandez suffered back and neck injuries, a concussion, vision changes, and sensitivity to light. *Id.* at 3-4.

These allegations may perhaps be sufficient to state a claim for relief arising under state law (e.g., for negligence). But Fernandez alleges that the Court has jurisdiction over this matter because a *federal* question of law is presented by the pleading. *See* Compl. at 3; 28 U.S.C. § 1331. And Fernandez does indeed attempt to tie his injuries to various federal-law causes of action, including "copyright infringement, trade secret violations, patent infringement and antitrust . . . ." Compl. at 4. None of these federal-law claims, however, is remotely plausible. Fernandez does not so much as attempt to explain how the events at issue in the complaint could possibly implicate antitrust or intellectual-property concerns. No patent, trade secret, or creative work amenable to copyright is identified by the pleading. Not nearly enough factual material is pleaded by Fernandez to support a claim for relief under federal law.

As mentioned above, the allegations raised in the complaint may be sufficient to state a claim for relief under state law. But Fernandez does not allege that the Court has

original jurisdiction over state-law claims, and the allegations in the complaint are not sufficient to establish original jurisdiction over state-law claims. Assuming arguendo that Fernandez's request for "860 trillion, gajillion, drillion, million, zillion dollars plus compensatory punitive and actual damages" satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a), Compl. at 6, Fernandez does not allege that the parties are of diverse citizenship, as is also required for jurisdiction under § 1332(a). And the Eighth Circuit has made clear that when (as recommended here) all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Kenneth W. Fernandez [ECF No. 2] be **DENIED**.


Dated: October 22, 2020                         *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


*Fernandez v. MNSCU*
*Minneapolis C&T College et al.*
Case No. 20-cv-2067 (DSD/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).